1 | Michael D. Adams (State Bar No. 185835)
madams@rutan.com
2 | Zack Broslavsky (State Bar No. 241736)
zbroslavsky@rutan.com
3 | Proud Usahacharoenporn (State Bar No. 278204)
RUTAN & TUCKER, LLP
4 | 611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
5 | Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff/Counterclaim Defendant

BRACEWELL & GIULIANI LLP
Erin S. Hennessy (admitted pro hac vice)
erin.hennessy@bgllp.com
Matthew D. Schneller (admitted pro hac vice)
matt.schneller@bgllp.com
701 Fifth Avenue, Suite 6200
Seattle, WA 98104
(206) 204-6200
(800) 404-3970 fax

K&L GATES
Seth A. Gold (SBN 163220)
seth.gold@klgates.com
Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@klgates.com
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
(310) 552-5000
(310) 552-5001 fax

Attorneys for Defendants/Counter-Plaintiffs (additional counsel reflected on docket)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FUHU, INC., a California Corporation<br><br>           Plaintiff,<br><br>   v.<br><br>INQUISITIVE MINDS, INC., a Delaware Corporation d/b/a ZOODLES; HTC CORPORATION, a Delaware Corporation; and DOES 1-5<br><br>           Defendants. | Case No. CV 12-2100-DSF-E<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

Upon stipulation of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to the information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

3. "Qualified Persons," as used herein means:

a. Outside Counsel of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

b. In-house counsel or attorneys who are employees of a party in this litigation.

c. Independent technical experts or consultants who have been identified or retained by a party or its attorney of record to serve as an expert witness in this action and who have signed a document agreeing to be bound by the terms of this Protective Order; and

d. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential"

and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6. a. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (c) above.

b. Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(c) above, shall be maintained only at the offices of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the retroactive designation is provided to the receiving party. An unintentional failure to designate qualified information as "Confidential" or "For Attorneys' Eyes Only" does not, standing along, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "For Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this provisions of this Order.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving

parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the dispute cannot be resolved, the challenging party may invoke this Protective Order by filing and serving a motion under the Local Rules (and in compliance with any sealing rules, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant/challenging party has complied with the meet and confer

requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer process. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

    b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. ACCESS TO AND USE OF CLASSIFIED INFORMATION

    11.1 Basic Principles. A receiving party may use Classified Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this

litigation. Such Classified Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below).

Classified Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

11.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated CONFIDENTIAL only to:

(a) Receiving party's outside attorneys of record in this action, as well as pre-identified and pre-approved associates of said outside counsel to whom it is reasonably necessary to disclose the information for the strict purpose of advancing this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staffs to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Classified Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

11.3 Disclosure of "FOR COUNSEL ONLY (or ATTORNEYS' EYES ONLY")" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "FOR COUNSEL ONLY" (or "ATTORNEYS' EYES ONLY") only to:

(a) Receiving party's outside counsel of record in this action, as well as pre-identified and pre-approved associates of said outside counsel to whom it is reasonably necessary to disclose the information for the strict purpose of advancing this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(b) experts (as defined in this Order) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staffs to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

12. CLASSIFIED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as 'CONFIDENTIAL" or "FOR COUNSEL ONLY" (or "FOR ATTORNEYS' EYES ONLY,") the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than three Court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

In the event the designating party files a motion for protective order to quash the subpoena, the subpoenaed party shall not produce any Classified Information in response to the subpoena without the prior written consent of the producing party or non-party unless (1) an order of a Court of competent jurisdiction has issued requiring production, (2) the Designating Party's motion is withdrawn, (3) the designating party's motion is denied and the time for an appeal or writ challenging the denial has expired, or (4) a failure to produce such Confidential or For Counsel Only Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material – and nothing

in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another Court.

13. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Classified Information to any person or in any circumstance not authorized under this Protected Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Classified Information, (c) inform the person or person to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such a person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

14. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

15. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

16. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except as this Court may

otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

Dates  2/21/  2013

Hon. Charles F. Eick
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in is entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District in the case of Fuhu v. HTC & INQUISITIVE MINDS et al., Case No. CV-12-2100-DSF (Ex), I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California Agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____